HORNSBY, Chief Justice
(concurring specially).
I agree with the analysis of the majority opinion but write to address an argument by the appellees that was not spoken to.
The appellees contend that the exclusion of liability in Code 1975, § 25-5-ll(c)(3), for co-employees of the intoxicated “employee or other person” precludes their liability. They premise their argument on cases like Queen City Furniture Co. v. Hinds, 274 Ala. 584, 150 So.2d 756 (1963), which holds that officers are employees for the purpose of being entitled to workmen's compensation benefits. That argument is misplaced in this context. Section 25-5-11 clearly differentiates between an officer and an employee. See § 25-5-ll(a) (if such responsible person “is an officer, director, agent, servant or employee of the same employer” he shall be liable only for willful conduct) and (b) (“If personal injury or death to any employee results from the willful conduct ... of any officer, director, agent, servant or employee of the same employer,” the injured employee will have a cause of action). When the legislature in the first two subsections of a statute, clearly differentiates between various groups of persons in the workplace, we would be remiss to ignore that distinction when the legislature uses only one of those labels in the very next subsection. Therefore, we will narrowly construe the exclusion of liability in § 25-5-11(c)(3) to include only those entities that are expressly covered. Moreover, we think this construction is consistent with the legislature’s apparent attempt to hold responsible those who have control of the workplace and who allow the drinking of intoxicating beverages to take place therein.